UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LEFEVRE,
an individual,

      Case No.:

    Plaintiff,

vs.

CSI FIRE EQUIPMENT, LLC,
a Florida limited liability company,
and RAY CRANSTON SHERLEY,
an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JUSTIN LEFEVRE, an individual, (hereinafter "LeFevre"), by and through his undersigned attorney sues CSI FIRE EQUIPMENT, LLC, a Florida limited liability company, ("CSI"), and RAY CRANSTON SHERLEY, an individual, (hereinafter "Sherley"), and alleges as follows:

## GENERAL ALLEGATIONS

1. Jurisdiction in this Court is proper as the primary claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional amount as liquidated damages, obtain declaratory relief and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court is based upon U.S.C. §216(b) and 28 U.S.C. §1367(a).

## PARTIES

3. At all times material hereto, Plaintiff, Justin Lefevre, an individual, was, and continues to be a resident in Pinellas County, Florida.

4. Defendant, CSI, is a Florida limited liability company having its principal place of business in Pinellas County, Florida.

5. Defendant, Sherley, is an individual who, upon information and belief, resides in Knox County, Tennessee.

6. All conditions precedent to the filing of this action have been performed, have otherwise occurred, or have been waived.

7. At all times material hereto, Sherley owned and/or operated and managed CSI Fire Equipment, LLC, in Pinellas County, Florida and employs persons such as LeFevre and other similarly situated employees to work on her behalf in providing labor for her operations.

8. At all times material hereto, Sherley managed, owned and/or operated CSI and customarily exercised the authority to hire and fire employees, determine the work schedules of employees, set the pay rates of all employees, and control the finances and operations of said business.

9. By virtue of such control and authority, Sherley and CSI were each the employer of Lefevre, as such term is defined by the FLSA.

10. At all times material hereto, LeFevre was the "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were the "employers" of LeFevre within the meaning of the FLSA.

12. At all times material hereto, Defendant owned and operated an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Defendants advertised and sold fire equipment which were imported and sold from places outside of Florida.

14. Defendants are in the business of selling fire equipment in interstate commerce.

15. Defendants, as a part of their business model, accepted and processed credit cards from out of state banks.

16. Defendants regularly and routinely actually processed said payments from out of state banks to facilitate customer's purchase of goods and services.

17. Defendants sold to the general public and a large portion of their business was selling fire equipment to in state and out of state residents.

18. At all times material hereto, LeFevre was "engaged in commerce" and subject to individual coverage of the FLSA.

19. At all times material to this Complaint, Defendant failed to comply with the FLSA and Florida Statutes 448, in that LeFevre and those similarly situated employees performed services and labor of Defendants for which Defendants made no provision to pay LeFevre and similarly situated employees compensation to which they were lawfully entitled, and for hours in excess of forty (40) they worked each week.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendant.

## STATEMENT OF FACTS PARTICULAR TO LEFEVRE

21. On or about June 23, 2017, Defendant hired LeFevre to work as a service technician.

22. On or about August 31, 2018, Defendant promoted LeFevre by increasing his compensation from $11.50 to $14 per hour.

23. At all times material hereto, LeFevre was titled as a service technician for CSI.

24. The records, if any, concerning the number of hours worked by LeFevre and all other similarly situated employees are in the possession and control of the Defendants.

25. Defendant violated 29 U.S.C. §207 from at least August 31, 2018 and continuing through to date, in that:

   (a) Plaintiff worked in excess of forty (40) hours per week for the period of employment with the Defendants.

   (b) No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff for hours worked following his promotion to $14.00/hour on August 31, 2018 or any time thereafter.

   (c) Defendant has failed to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by FLSA; and

   (c) Defendants have failed to maintain proper time records as mandated by the FLSA.

26. Plaintiff has retained The Law Offices of Bobby Jones, P.A. to represent the Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – VIOLATION OF 29 U.S.C. §207 - OVERTIME COMPENSATION

27. Plaintiff realleges and reavers paragraphs 1 through 35 of the Complaint as if fully set forth herein.

28. From at least August 31, 2018 and continuing through December 31, 2018, LeFevre worked in excess of forty (40) hours per week for which LeFevre was not compensated at the statutory rate of one and one-half times Plaintiff's regular pay.

29. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

30. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

31. Defendants' actions were willful and/or showed a reckless regard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have know, such was, and is due.

32. Defendants have required Plaintiff to perform duties for the Defendants when Plaintiff was not on duty.

33. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants, joint and several:

(a) Awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week;

(b) Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

(c) Awarding Plaintiff reasonable attorneys' fees and costs plus expenses of the litigation pursuant to 29 U.S.C. §216(b);

(d) Awarding Plaintiff pre-judgment interest; and

(e) Ordering any other further relief the Court deems just and proper.

## COUNT II – UNPAID WAGES PURSUANT TO FLORIDA STATUTES § 448.110

36. This is a claim for unpaid wages pursuant to Section 448.110, Florida Statutes over which this court has jurisdiction.

37. Plaintiff realleges and reavers paragraphs one through 26 of the Complaint as if fully set forth herein.

38. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff for hours worked following his promotion on August 31, 2018 or any time thereafter.

39. Furthermore, Plaintiff regularly worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiffs regular pay.

40. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

41. Defendant's actions were willful and/or showed a reckless regard for the provisions of the Florida Statutes § 448.110, as evidenced by its failure to compensate Plaintiff in accordance with his hourly wage, and at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

42. Due to the intentional, willful, and unlawful acts of the Defendant, Plaintiff suffered damages and lost compensation for both time worked, and for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff provided the statutorily required pre-suit notice to Defendant. A true and correct copy of this notice is attached hereto as **Exhibit "A."**

44. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to Florida Statutes § 448.110.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant:

(a) Awarding Plaintiff compensation in the amount due for Plaintiff's time worked, not in excess of forty (40) hours per work week;

(b) Awarding Plaintiff compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per week;

(c) Awarding Plaintiff reasonable attorneys' fees and costs plus such other and further relief as this Court deems just and proper.

Plaintiff reserves the right to amend to seek punitive damages.

                      THE LAW OFFICES OF BOBBY JONES, P.A.

                      By: /s/ Heath C. Murphy
                      ROBERT S. JONES, II
                      FBN: 725196
                      HEATH C. MURPHY
                      FBN 85164
                      P.O. BOX 41643
                      St. Petersburg, Florida 33743
                      Phone No.: (727) 571-1333
                      Fax No.:   (727) 573-1321
                      Primary Email: distribution@bobbyjoneslaw.com
                      Attorneys for Plaintiff

**JLG JONES LAW GROUP**
ATTORNEYS AT LAW

ROBERT S. JONES II, ESQ.
HEATH C. MURPHY, ESQ.
LEE E. TOMLINSON, ESQ.

October 21, 2019

Sent via Email, regular mail and
Certified U.S. Mail Return Receipt Requested to:
Ray Cranston Sherley
3218 Morris Avenue
Knoxville, Tn 37909
Cert. Mail # 7016 0750 0000 2999 1905
Cranston@csifireequipment.com

RE: **Justin Lefevre – Unpaid Wages**

<u>**CONFIDENTIAL COMMUNICATION: FOR SETTLEMENT PURPOSES ONLY**</u>

Dear Mr. Sherley:

This firm has the distinct pleasure of representing Justin Lefevre in matters related to his former employment relationship with CSI Fire Equipment. As you know he was employed at the location in Largo, Florida. Accordingly, please direct all future correspondence and communications relating to this matter to this office.

The purpose of this correspondence is to inform you that based upon a review of relevant records, your company has failed to pay Mr. Lefevre all of his earned wages. CSI, in a very calculated manner, sought to improve its bottom line at the expense of its employees. Specifically, CSI, failed to pay Mr. Lefevre for straight time he worked between August and October of 2018. Further, CSI failed to pay Justin for overtime hours during the same period for time he spent scrapping for CSI.

All such regular and overtime hours are recoverable pursuant to the Fair Labor Standards Act (FLSA), failure to pay an employee for regular and overtime hours worked is prima facie evidence of a violation of the FLSA, subjecting the owner and business to claims for not only the unpaid hours, but also for liquidated damages and attorney's fees. Moreover, the actions of CSI amount to theft under Florida Law because the company effected the misappropriation of Justin's earned wages, which has deprived him rights and benefits appurtenant to the possession and use thereof.

In an effort to allow you to better understand Justin's claim, he has elected to simply outline his current claims against the CSI and Ray Cranston Sherley, personally. This is a good faith gesture which should allow you to analyze the claims and realize the


EXHIBIT "A"

JLGtampabay.com

Office: 727.571.1333    5622 Central Avenue • St. Petersburg, FL 33707

1

risk that ignoring this matter entails. Mr. Lefevre is entitled to payment for the following hours worked during the final three years of her employment at CSI:

| Explanation of Work Performed and Hours Spent on Each Task | Pay at 5.08/hr |
|---|---|
| 228.65 hours of unpaid wages at $14.00/hr (Aug-Oct 2018) | $3,201.10 |
| Overtime Hours CSI failed to Pay $7.00/hr premium (146.50 Aug-Oct) | $1,025.50 |
| Total Amount Owed for Unpaid Wages | $4,226.60 |
| Liquidated Damages per FLSA | $4,226.60 |
| Attorneys' Fees per FLSA | $3,000.00 |
| **Total Amount Demanded** | **$7,226.60** |

As you may be aware, we may proceed at our leisure with the filing of a lawsuit for unpaid wages and violation of the FLSA and Florida Statutes. **Please be forewarned that in addition to the claim for actual wages, the FLSA provides for the recovery of liquidated (double damages) and an award of reasonable attorneys' fees and costs payable to the Plaintiff and his attorney. In an effort to avoid unnecessary litigation and the incurrence of unnecessary attorneys' fees and costs, pursuant to Section 448.110 Florida Statutes, please consider this correspondence as Mr. Lefevre's written demand that CSI provide monetary remuneration in the amount of $7,226.60. This total includes regular unpaid wages, overtime wages, liquidated damages and attorneys' fees and must be received within seven (7) days after your receipt of this demand. Please make the funds payable to Jones Law Group, Trust Account and deliver payment to address found on this correspondence.**

If the funds are not received within the 7 day time period, my client may institute an action under Florida's statute and the FLSA against the CSI and you personally.

Clearly my client has several options in this matter. One option is to simply file suit for the unauthorized misappropriation of Justin's wages and the failure to pay overtime and then, if payment, as demanded above is not made, bring an additional state claim for overtime. Of course, the additional attorneys' fees and court costs would be taxed against the company and you personally.

Another option is to engage in pre-suit discussions concerning a possible resolution of this matter. As you know, many times an employer finds such an option to be an attractive option to litigation which can be a very burdensome, public and costly endeavor with no guaranteed outcome. As you may or may not be aware, FLSA claims also carry substantial risks to employers because of the extremely liberal discovery rights granted to claimants. As a good faith gesture, my client will refrain from filing the lawsuit for seven (7) days from the date of this letter to allow you the opportunity to contact this office and discuss a resolution.

Finally, please be aware that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extent that any attempt is made to penalize, discipline, punish, threaten,

2

intimidate or discriminate against our client, we will pursue a claim for retaliation pursuant to 29 U.S.C. § 215(a)(3).

I look forward to hearing from you in the very near future.

Sincerely,

Heath C. Murphy

HCM/hm
cc: client

3