UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CSI FIRE EQUIPMENT, LLC,
a Florida Limited Liability Company,
and RAY CRANSTON SHERLEY,
an individual
,
Defendants.

_____/

vs.                                                 Civil Action No.: 8:20-cv-1763-T-23TGW

JUSTIN LEFEVRE, an individual

Plaintif

RESPONSE TO COMPLAINT

1.
Complaint

Jurisdiction in this Court is proper as the primary claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C 201, et seq., hereinafter called the "FLSA" to recover unpaid back wages, an additional amount as liquidated damages, obtain declaratory relief and reasonable attorneys' fees and costs

Answer

Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however Defendant does not take exception to paragraph 1 of the Plaintiff's Complaint.

2.
Complaint

The jurisdiction of the Court is based upon U.S.C. 216(b) and 28 U.S.C 1367(a)

Answer

Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however Defendant does not take exception to paragraph 2 of the Plaintiff's Complaint.

3.

Complaint

At all times material hereto, Plaintiff, Justin Lefevre, an individual, was, and continues to be a resident in Pinellas County, Florida.

Answer

Lack enough information to respond to Plaintiff's allegation.

4.

Complaint

Defendant, CSI, is a Florida limited liability company having its principal place of business in Pinellas County, Florida.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint.

5.

Complaint

Defendant, Sherley, is an individual who, upon information and belief, resides in Knox County, Tennessee.

Answer

Admitted in part as the Defendant, Sherley also resides in Pinellas County, Florida.

6.

Complaint

All conditions precedent to the filing of this action have been performed, have otherwise occurred, or have been waived.

Answer

Defendant takes no exception.

7.

Complaint

At all times material hereto, Sherley owned and/operated and managed CSI Fire Equipment, LLC, in Pinellas County, Florida and employs persons such as LeFevre and other similarly situated employees to work on her behalf in providing labor for her operations.

Answer

Denied. CSI Fire Equipment LLC was not legally formed and operating until August 2019, which is one year subsequent to all times material in the complaint. Sherley managed, owned and/or operated CSI Fire Equipment Sales Co. Inc. which was the Company that entered into the independent contractor agreement with LeFevre.

8.

Complaint

At all times material hereto, Sherley managed, owned and/or operated CSI and customarily exercised the authority to hire and fire employees, determine the work schedules of employees, set the pay rates of all employees, and control the finances and operations of said business.

Answer

Denied. CSI Fire Equipment LLC was not legally formed and operating until August 2019, which is one year subsequent to all times material in the complaint. Sherley managed, owned and/or operated CSI Fire Equipment Sales Co. Inc. which was the Company that entered into an independent employment agreement with LeFevre.

9.

Complaint

By virtue of such control and authority, Sherley and CSI were each the employer of Lefevre, as such term as defined by FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however by virtue of such control and authority, Sherley and CSI Fire Equipment Sales Co., Inc. entered into a 1099 independent contractor agreement to work on specific projects with regards to scrapping and cleaning up rental property for an upcoming move.

10.

Complaint

At all times material hereto, LeFevre was the "employee" of the Defendants within the meaning of the FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, furhtermore at all times material hereto, LeFevre was not the employee of the Defendants within the meaning of the FLSA, however CSI Fire Equipment Sales Co. Inc and Sherley complied with applicable FLSA and Florida Statutes.

11.

Complaint

At all times material hereto, Defendants were the "employers" of LeFevre within the meaning of the FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, furthermore at all times material hereto,

Defendats were not the "employers" of LeFevre within the meaning of the FLSA, however CSI Fire Equipment Sales Co. Inc and Sherley complied with applicable FLSA and Florida Statutes.

12.

Complaint

At all times material hereto, Defendant owned and operated an "enterprise engaged in commerce" within the meaning of the FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc. and Sherley owned and operated an "enterprise engaged in commerce" within the meaning of the FLSA.

13.

Complaint

Defendants advertised and sold fire equipment which were imported and sold from places outside of Florida.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc. and Sherley advertised and sold fire equipment which were imported and sold from places outside of Florida.

14.

Complaint

Defendants are in the business of selling fire equipment in interstate commerce.

Answer

Partially Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August

2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc. was in the business of selling fire equipment in interstate commerce.

15.

Complaint

Defendants, as a part of their business model, accepted and processed credit cards from out of state banks.

Answer

Partially denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc. and Sherley as part of their business model, accepted and processed credit cards from out of state banks.

16.

Complaint

Defendants regularly and routinely actually processed said payments from out of state banks to facilitate customer's purchase of goods and services.

Answer

Partially denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc. and Sherley regularly and routinely processed said payments from out of state banks to facilitate customer's purchase of goods and services.

17.

Complaint

Defendants sold to the general public and a large portion of their business was selling fire equipment to in state and out of state residents.

Answer

Denied. CSI Fire Equipment LLC was not formed until a year subsequent to all material times hereto, however CSI Fire Equipment Sales Co. Inc. and Sherley only engage in selling of fire equipment to registered fire equipment dealers and not to the general public.

18.

Complaint

At all times material hereto, LeFevre was "engaged in commerce" and subject to individual coverage of the FLSA.

Answer

Partially denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint. LeFevre was not "engaged in commerce" and was engaged for specific projects related to custodial types of tasks such as scrapping and cleaning up rental property for an upcoming move. However, CSI Fire Equipment Sales Co. Inc and Sherley complied with applicable FLSA and Florida Statutes.

19.

Complaint

At all times material to this Complaint, Defendant failed to comply with the FLSA and Florida Statues 448, in that LeFevre and those similarly situated employees performed services and labor of Defendants for which Defendants made no provision to pay LeFevre and similarly situated employees compensation to which they were lawfully entitled, and for hours in excess of forty (40) they worked each week.

Answer

Denied. CSI Fire Equipment LLC was not formed until a year subsequent to all material times hereto, however CSI Fire Equipment Sales Co. Inc. and Sherley paid LeFevre compensation to which LeFevre was lawfully entitled and for hours in excess of forty (40) he worked each week.

20.

Complaint

At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by the Defendant.

Answer

Denied. CSI Fire Equipment LLC was not formed until a year subsequent to all material times hereto, however work performed by the Plaintiff was project specific work and was not directly essential to the business performed by CSI Fire Equipment Sales Co. Inc.

21.
Complaint

On or about June 23, 2017 Defendant hired LeFevre to work as a service technician.

Answer

Partially Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint,On or about June 23, 2017 CSI Fire Equipment Sales, Co, Inc. hired LeFevre to work as a shop personnel.

22.
Complaint

On or about August 31, 2018, Defendant promoted LeFevre by increasing his compensation from $11.50 to $14 per hour.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint. Furthermore, on or about November 26, 2017 LeFevre resigned as he was incarcerated. Subsequent to LeFevre's incarceration on or about August 31, 2018, CSI Fire Equipment Sales, Co, Inc. re-hired LeFevre as an independent contractor to perform scrap, clean up and moving type of duties for $13 per hour as LeFevre could not be hired as a fire extinguisher technician due to licensing requirements and CSI Fire Equipment Sales, Co., Inc. had a need to clean up the Largo rental property for an upcoming move.

23.

Complaint

At all times material hereto, LeFevre was titled as a service technician for CSI.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint. Furthermore, on or about August 31, 2018 through November 26, 2018, at which time LeFevre's duties ceased, LeFevre was not a service technician for CSI Fire Equipment Sales Co. Inc., but was a 1099 contractor who performed duties for specific projects related to scrapping and clean up for an upcoming move.

24.

Complaint

The records, if any, concerning the number of hours worked by LeFevre and all other similarly situated employees are in the possession and control of the Defendants.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however the records concerning the number of hours worked by LeFevre are in the possession and control of CSI Fire Equipment Sales Co. Inc.

25.

Complaint

Defendant violated 29 U.S.C. 207 from at least August 31,2018 and continuing through to date, in that:

(a) Plaintiff worked in excess of forty (40) hours per week for the period of employment with the Defendants.

(b) No payments, and provisions for payment, have been made by Defendants to properly compensate

Plaintiff for hours worked following his promotion to $14.00/hour on August 31, 2018 or any time thereafter.

(c) Defendant has failed to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by FLSA; and

(d) Defendants have failed to maintain proper time records as mandated by FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc. and Sherley did not violate 29 U.S.C. 207 from at least August 31, 2018 and continuing through to date, in that:

(a) Plaintiff worked in excess of (40) hours per week for two weeks from August 2018 through October 2018. The week of September 9, 2018 through September 15, 2018 the Plaintiff worked 45.88 hours and the week of September 30, 2018 through October 6, 2018 the Plaintiff worked 42.92 hours for a total of 8.8 hours in excess of 40 hours a week.

(b) Payments were made to the Plaintiff by CSI Fire Equipment Sales Co. Inc. to properly compensate the Plaintiff for hours worked. The Plaintiff was compensated at the statutory rate of one and one-half times Plaintiff's regular pay for the 8.8 hours. The Plaintiff did not receive a promotion in August of 2018, but was re-hired subsequent to the Plaintiff's release from being incarcerated to help with various types of maintenance and clean up tasks at $13.00/hour.

(c) CSI Fire Equipment Sales, Co. Inc. compensated the Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by FLSA; and

(d) CSI Fire Equipment Sales Co. Inc. and Sherley has maintained proper time records of Lefevre as

mandated by FLSA.

27.

Complaint

Plaintiff has retained the Law Offices of Bobby Jones, P.A.; to represent the Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

Answer

Lack enough information to respond to Plaintiff's allegation.

Complaint

Plaintiff realleges and reavears paragraphs 1 through 35 of the Complaint as if fully set forth herin.

Answer

Defendant re-alleges and rev-ears paragraphs 1 through 35 of the Answer to the Complaint as if fully set forth herein.

28.

Complaint

From at least August 31, 2018 and continuing through December 31, 2018 LeFevre worked in excess of (40) hours per week for which LeFevre was not compensated at the statutory rate of one and one-half times Plaintiff's regular pay.

Answer

Denied. Plaintiff worked in excess of (40) hours per week for two weeks from August 2018 through October 2018. The week of September 9, 2018 through September 15, 2018 the Plaintiff worked 45.88 hours and the week of September 30, 2018 through October 6, 2018 the Plaintiff worked 42.92 hours for a total of 8.8 hours in excess of 40 hours a week. The Plaintiff was compensated at the statutory rate of one and one-half times Plaintiff's regular pay for the 8.8 hours.

29.

Complaint

Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

Answer

Denied. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours, however was is not still entitled to be paid as such payments were made by CSI Fire Equipment Sales Co. Inc. to the Plaintiff.

30.

Complaint

At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records mandated by the FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however at all times material hereto, CSI Fire Equipment Sales Co. Inc and Sherley maintained and continue to maintain proper time records as mandated by the FLSA.

31.

Complaint

Defendants' actions were willful and/or showed a reckless regard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's

regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, furhtermore CSI Fire Equipment Sales Co. Inc.'s and Sherley's actions did not show a reckless regard for the provisions of the FLSA as evidenced by compensating the Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours week.

32.
Complaint

Defendants have required Plaintiff to perform duties for the Defendants when Plaintiff was not on duty.

Answer

Partially Admitted. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however Plaintiff would perform duties for CSI Fire Equipment Sales Co. Inc. and Sherley when Plaintiff was not on duty.

33.
Complaint

Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint,, however CSI Fire Equipment Sales Co.

Inc. and Sherley properly disclosed and apprised Plaintiff of his rights under the FLSA that were required by the CSI Fire Equipment Sales Co. Inc. and Sherley.

34.

Complaint

Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

Answer

Denied. Plaintiff did not suffer or does not continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages. All compensation owed to Plaintiff was paid by CSI Fire Equipment Sales Co. Inc.

35.

Complaint

Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C 216(b)

Answer

Denied. Plaintiff is not entitled to an award as all complaints and claims in filed complaint are false and are not valid.

   WHEREFORE, Defendants and CSI Fire Equipment Sales Co. Inc. respectfully seeks dismissal of Plaintiff's complaint of Violation of 29 U.S.C. 207 – Overtime Compensation and that Plaintiff recovers nothing.

36.

Complaint

This is a claim for unpaid wages pursuant to section 448.110, Florida Statues over which this court has

jurisdiction.

Answer

Lack enough information to respond to Plaintiff's allegation.

37.

Complaint

Plaintiff realleges and reavers paragraphs one through 26 of the Complaint as if fully set forth herin.

Answer

Lack enough information to respond to Plaintiff's allegation.

38.

Complaint

No payments, and provisions for payment, have been made by Defendants to property compensate Plaintiff for hours worked following his promotion on August 31, 2018 or anytime thereafter.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however payments have been made by CSI Fire Equipment Sales Co. Inc. to the Plaintiff to properly compensate Plaintiff for all hours worked. Payments were made to the Plaintiff by CSI Fire Equipment Sales Co. Inc. to properly compensate the Plaintiff for hours worked. The Plaintiff was compensated at the statutory rate of one and one-half times Plaintiff's regular pay for the 8.8 hours. The Plaintiff did not receive a promotion in August of 2018, but was re-hired subsequent to the Plaintiff's release from being incarcerated to help with various types of maintenance and clean up tasks at $13.00/hour.

39.

Complaint

Furthermore, Plaintiff regularly worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular pay.

Answer

Denied. Plaintiff worked in excess of (40) hours per week for two weeks from August 2018 through October 2018. The week of September 9, 2018 through September 15, 2018 the Plaintiff worked 45.88 hours and the week of September 30, 2018 through October 6, 2018 the Plaintiff worked 42.92 hours for a total of 8.8 hours in excess of 40 hours a week. The Plaintiff was compensated at the statutory rate of one and one-half times Plaintiff's regular pay for the 8.8 hours.

40.

Complaint

Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

Answer

Denied. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours, however was is not still entitled to be paid as such payments were made by CSI Fire Equipment Sales Co. Inc. to the Plaintiff.

41.

Complaint

Defendants' actions were willful and/or showed a reckless regard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

Answer

Denied. Defendant, CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Co. Inc.'s and Sherley's actions did not show a reckless regard for the provisions of the FLSA as evidenced by compensating the Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours week.

42.

Complaint

Due to the intentional, willfil, and unlawful acts of the Defendant, Plaintiff suffered damages and lost compensation for both time worked, and for time worked over forty (40) hours per week, plus liquidated damages.

Answer

Denied. CSI Fire Equipment LLC was not formed and operating until August 2019, which is a year subsequent to the time period noted in the Complaint, however CSI Fire Equipment Sales Company Inc. compensated the Plaintiff at the agreed to rate of $13.00/hour for hours worked under (40) hours a week and of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours week.

43.

Complaint

Plaintiff provided the statutorily required pre-suit notice to Defendant.

Answer

Agreed.

44.

Complaint

Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C 216(b)

Answer

Denied. Plaintiff is not entitled to an award as all complaints and claims in filed complaint are false and not valid.

WHEREFORE, Defendants respectfully seeks dismissal of Plaintiff's complaint of Unpaid Wages Pursuant to Florida Statues 448.110.

Defendant reserves the right to amend and seek damages.

                                                     CSI Fire Equipment LLC
                                                     and Ray Cranston Sherley


                                                     By: /s/ Ray Cranston Sherley
                                                   CSI Fire Equipment LLC
                                                   3218 Morris Ave., Ste. A
                                                   Knoxville, TN 37909
                                                   Phone No: (949) 916-1881
                                                   Primary Email:
                                                   cranston@csifireequipment.com.